IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| IN RE.:<br>JONATHAN ARROYO MUNIZ<br>SSN.:XXX-XX-4007<br><br>DEBTOR | CASE NUMBER: 20-00697<br><br><br><br>CHAPTER 13 |
|---|---|

## CERTIFICATE OF SERVICE FOR THE PLAN DATED MARCH 5, 2020

I hereby certify that on this same date I have electronically filed **Chapter 13 Plan dated March 5, 2020, 2020** for debtor's petition with the Clerk of the Court using a CM/ECF system which sends notification of such filing to **US Trustee,** Monsita Lecaroz Arribas, Esq., ustpregion21.hr.ecf@usdoj.gov; **Chapter 13 Trustee,** and to all creditor users of the system. I further certify that I have served copy of the above filed document thereof in the US Mail to the non CM/ECF participants, and to all parties in interest as per attached Master Address List, copy of which was attached to the original of this document.

Objections to the confirmation of a chapter 13 plan that is timely filed and noticed prior to the § 341 meeting of creditors must be filed not later than seven (7) days after the date of the § 341 meeting of creditors. If the § 341 meeting of creditors is continued to another date, objections must be filed not later than seven (7) days after the continuation date.

An objection to confirmation of a chapter 13 plan shall be made by motion setting forth the facts and legal arguments that give rise to the objection in insufficiently detail to allow the debtor to file a reply or an amended plan that addresses the objection.

The chapter 13 trustee may elect to object to the confirmation of a chapter 13 plan in the minute of the § 341 meeting of creditors instead of filing a separate motion of objection under subsection (c)(1) and (c)(2) of this local rule.

An oral objection may be made on the record at the § 341 meeting of creditors by any party in interest, and shall be included in the minutes of the § 341 meeting of creditors. The oral objection included in the minutes of § 341 meeting of creditors may substitute the separate motion of objection required to be filed not later than seven (7) days after the meeting of creditors by subsections (c)(1) and (c)(2) of this local rule. However, if the oral objection is not resolved to the satisfaction of the objecting reiterating the oral objection no later than seven (7) days prior to the first confirmation hearing in order to preserve its objection.

The objecting party shall file the objection with the court and serve the objections on the chapter 13 trustee, the debtor, and the debtor's attorney. The objection shall be accompanied by proof of service evidencing compliance with this requirement.

If an objection to a chapter13 plan is filed, the debtor must within seven (7) days after service of the objection file either:

(A) and amended plan that addresses each objection; or

(B) a reply setting forth the facts and legal arguments that give rise to the reply in sufficient detail to allow each objector, if reconsider and withdraw its objection.

In Mayagüez, Puerto Rico this 5th day of March 2020.

/s/ **LCDA GLORIA M. JUSTINIANO**
**USDC- PR - 207603**
**Ensanchez Martínez**
**Calle A. Ramírez Silva # 8**
**Mayagüez, PR 00680-4714**
**(787) 831-2577 & 805-2945**
**Email: justinianolaw@gmail.com**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In Re: **JONATHAN ARROYO MUNIZ**

XXX-XX-4007
XXX-XX-____

Case No.: 20-00697

Chapter 13

☐ Check if this is a Pre-Confirmation amended plan.

☐ Check if this is a Post Confirmation amended plan
Proposed by:
☒ Debtor(s)
☐ Trustee
☐ Unsecured Creditor(s)

☐ If this is an amended plan list below the sections of the plan that have been changed.

**PR Local Form G**
**Chapter 13 Plan dated** 03/05/2020 .

## PART 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. **The headings contained in this plan** are inserted for reference purposes only and shall not affect the meaning or interpretation of this Plan.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.** The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you must file a timely proof of claim in order to be paid under this plan, unless ordered otherwise.

If a claim is withdrawn by a creditor or amended to an amount less than the amount already disbursed under the plan on account of such claim: (1) The trustee is authorized to discontinue any further disbursements to related claim; (2) The sum allocated towards the payment of such creditor's claim shall be disbursed by the trustee to Debtor's remaining creditors. (3) If such creditor has received monies from the trustee (Disbursed Payments), the creditor shall return funds received in excess of the related claim to the trustee for distribution to Debtor's remaining creditors. (4) If Debtor has proposed a plan that repays his or her creditors in full, funds received in excess of the related claim shall be returned to the Debtor.

The following matters may be of particular importance. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☒ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ☐ Included | ☒ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ☒ Included | ☐ Not included |

## PART 2: Plan Payments and Length of Plan

2.1 **Debtor(s) will make payments to the trustee as follows:**

| PMT Amount | Period(s) | Period(s) Totals | Comments |
|---|---|---|---|
| $ 200 | 12 | $ 2,400 | |
| $ 325 | 48 | $ 15,600 | |
| | | $ 0 | |
| | | $ 0 | |
| | | $ 0 | |
| Subtotals | 60 | $ 18,000 | |

*Insert additional lines if needed*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2 **Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply.*
☐ Debtor(s) will make payments pursuant to a payroll deduction order.
☒ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment): _____

2.3 **Income tax refunds:**

Debtor(s) will supply the trustee with copy of each income tax return filed during the plan term within 14 days of the filing the return and will comply with 11 U.S.C. § 1325(b)(2). If the Debtor(s) need(s) to use all or a portion of such "Tax Refund," Debtor(s) shall seek court authorization prior to any use thereof.

2.4 **Additional payments:**

*Check one.*
☒ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*
☐ Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

_____
_____

## PART 3: Treatment of Secured Claims

3.1 **Maintenance of payments and cure of default, if any.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☐ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated, pro-rated unless a specific amount is provided below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Current Installments Payments (Including escrow) | Amount of arrearage (If any) | Interest rate on arrearage (If any) | Monthly Plan PMT on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| _____ | _____ | $ _____ Distributed by: ☒Trustee ☐Debtor(s) | $ _____ | ____ % | ____ Months | $ _____ Starting on Plan Month ____ | $ _____ |

| Name of Creditor | Collateral | Current Installments Payments (Including escrow) | Amount of arrearage (If any) | Interest rate on arrearage (If any) | Monthly Plan PMT on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| _____ | _____ | $ _____ | $ _____ | ____ % | $ _____ | $ _____ |
| | | Distributed by:<br>☒ Trustee<br>☐ Debtor(s) | | ____ Months | Starting on Plan Month _____ | |
| Name of Creditor | Collateral | Current Installments Payments (Including escrow) | Amount of arrearage (If any) | Interest rate on arrearage (If any) | Monthly Plan PMT on arrearage | Estimated total payments by trustee |
| _____ | _____ | $ _____ | $ _____ | ____ % | $ _____ | $ _____ |
| | | Distributed by:<br>☒ Trustee<br>☐ Debtor(s) | | ____ Months | Starting on Plan Month _____ | |

*Insert additional lines as needed.*

3.2  **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☐ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below. If no monthly payment is listed below, distribution will be pro-rated according to section 7.2.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) Payment of the underlying debt determined under nonbankruptcy law, or

(b) Discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor. See Bankruptcy Rule 3015.

| Name of Creditor | Estimated Amount of Creditor's Total Claim | Collateral | Value of Collateral | Amount of Claims Senior to Creditor's Claim | Amount of Secured Claim | Interest Rate % | Monthly PMT to Creditor | Estimated Total of Monthly PMTs |
|---|---|---|---|---|---|---|---|---|
| _____ | $ _____ | _____ | $ _____ | $ _____ | $ _____ | ____ % | $ _____ | $ _____ |
| | | | | | | | ____ Months Starting on Plan Month _____ | |
| _____ | $ _____ | _____ | $ _____ | $ _____ | $ _____ | ____ % | $ _____ | $ _____ |
| | | | | | | | ____ Months Starting on Plan Month _____ | |

*Insert additional lines as needed.*

3.3 **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☐ The claims listed below were either:

(1) Incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) Incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor. If the Trustee is to disburse and no monthly payment amount is listed below, distribution will be prorated according to plan section 7.2.

| Name of Creditor | Collateral | Amount of Claim | Interest Rate | Monthly plan payment | Estimated total payments by Trustee |
|---|---|---|---|---|---|
| _____ | _____ | $ _____ | ____ % | $ _____ | $ _____ |
| | | | ____ Months Starting on Plan Month ____ | Distributed by: ☒ Trustee ☐ Debtor(s) | |
| Name of Creditor | Collateral | Amount of Claim | Interest Rate | Monthly plan payment | Estimated total payments by Trustee |
| _____ | _____ | $ _____ | ____ % | $ _____ | $ _____ |
| | | | ____ Months Starting on Plan Month ____ | Distributed by: ☒ Trustee ☐ Debtor(s) | |

*Insert additional lines as needed.*

3.4 **Lien Avoidance.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*
The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.

☐ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). If more than one lien is to be avoided, provide the information separately for each lien. If no monthly payment is listed below, distribution will be prorated according to plan section 7.2.

| Information regarding judicial lien or security interest | Calculation of Lien Avoidance | | Treatment of Remaining secured claim |
|---|---|---|---|
| Name of Creditor | a. Amount of lien | $ _____ | Amount of secured claim after avoidance (line a minus line f) |
| _____ | b. Amount of all other liens | $ _____ | $ _____ |
| Collateral | c. Value of claimed exemptions + | $ _____ | Interest Rate (if applicable) |
| _____ | | | |
| Lien identification (such as judgment date, date of lien recording, book and page number) | d. Total of adding lines a, b and c | $ _____ 0 | [ ____ %] ____ Months Starting on Plan Month ____ |
| | | | Monthly Payment on secured claim |
| _____ | e. Value of debtor's interest in property — | $ _____ | $ _____ |

Puerto Rico Local Form (LBF-G)      Chapter 13 Plan      20-00697      Page 4

| | |
|---|---|
| f. Subtract line e from d. $ 0 | Estimated total payments on secured claim $ |
| Extent of exemption impairment | |
| (check applicable box) | |
| ☒ Line f is equal to or greater than line a. *The entire lien is avoided (Do not complete the next column.)* | |
| ☐ Line f is less than line a. *A portion of the lien is avoided. (Complete the next column.)* | |

*Insert additional lines as needed.*

3.5 **Surrender of collateral.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

☐ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of creditor | Collateral |
|---|---|
| | |
| | |
| | |

*Insert additional lines as needed.*

3.6 **Pre-Confirmation Adequate Protection Monthly Payments ("APMP") to be paid by the trustee.**

☒ Payments pursuant to 11 USC §1326(a)(1)(C):

| Name of Secured Creditor | $ Amount of APMP | Comments |
|---|---|---|
| CASH MAX | $ 75 | 2008 MERCEDES BENZ |
| | | |
| | | |
| | | |

*Insert additional lines as needed.*

Pre-confirmation adequate protection payments made through the Plan by the trustee are subject to corresponding statutory fee.

3.7 **Other Secured Claims Modifications.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.7 need not be completed or reproduced.*

☒ Secured Claims listed below shall be modified pursuant to 11 U.S.C. § 1322(b)(2) and/or § 1322(c)(2). Upon confirmation, the Trustee shall pay the allowed claim as expressly modified by this section, at the annual interest rate and monthly payments described below. Any listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated, pro-rated unless a specific amount is provided below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If no monthly payment amount is listed below, distribution will be prorated according to plan section 7.2.

| Name of Creditor | Claim ID # | Claim Amount | Modified Interest Rate | Modified Term (Months) | Modified P&I | Property Taxes (Escrow) | Property Insurance (Escrow) | Total Monthly Payment | Estimated Total PMTs by Trustee |
|---|---|---|---|---|---|---|---|---|---|
| CASHMAX | ___ | $ 5,652.00 ☒ To be Pay In Full 100% | ___% | ___ | $___ | $___ | $___ | $ 0.00 Starting on Plan Month ___ | $ 5,652.00 |
| _____ | ___ | $ _____ ☐ To be Pay In Full 100% | ___% | ___ | $___ | $___ | $___ | $ 0.00 Starting on Plan Month ___ | $ _____ |
| _____ | ___ | $ _____ ☐ To be Pay In Full 100% | ___% | ___ | $___ | $___ | $___ | $ 0.00 Starting on Plan Month ___ | $ _____ |

*Insert additional lines as needed.*

## PART 4: Treatment of Fees and Priority Claims

4.1 **General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

4.2 **Trustee's Fees**

Trustee's fees are governed by statute and may vary during the term of the plan, nevertheless are estimated for confirmation purposes to be 10 % of all plan payments received by the trustee during the plan term.

4.3 **Attorney's fees**

*Check one*

☒ **Flat Fee**: Attorney for Debtor(s) elect to be compensated as a flat fee their legal services, up to the plan confirmation, according to LBR 2016-1(f).

OR

☐ **Fee Application**: The attorneys' fees amount will be determined by the Court, upon the approval of a detailed application for fees and expenses, filed not later than 14 days from the entry of the confirmation order.

Attorney's fees paid pre-petition     $ 500.00

Balance of attorney's fees to be paid under the plan are estimated to be:     $ 3,500.00

If this is a post-confirmation amended plan, estimated attorney's fees:     $ _____

4.4 **Priority claims other than attorney's fees and those treated in §§ 4.5, 4.6.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☒ The Trustee shall pay in full all allowed claims entitled to priority under §507, §1322(a)(2), estimated in $ __3,104__.

| Name of Priority Creditor | Estimate Amount of claim to be paid |
|---|---|
| IRS | $ 3,104.24 |
|  | $ |
|  | $ |
|  | $ |

*Insert additional lines as needed.*

4.5 **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4). *This plan provision requires that payments in § 2.1 be for a term of 60 months; see 11 U.S.C. § 1322(a)(4).*

| Name of Creditor | Estimated Amount of claim to be paid |
|---|---|
|  | $ |
|  | $ |
|  | $ |
|  | $ |
|  | $ |

*Insert additional lines as needed.*

4.6 **Post confirmation property insurance coverage**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 4.6 need not be completed or reproduced.*

☒ The debtor(s) propose to provide post confirmation adequate protection to the secured creditors listed below by providing property insurance coverage.

| Name of Creditor Insured | Insurance Company | Insurance Coverage Beginning Date | Estimated Insurance Premium to be paid | Estimated total payments by Trustee |
|---|---|---|---|---|
| CASHMAX | UNIVERSAL INSURANCE | 02/13/2020 | $ 49.00 | $ 2,940.00 |
|  |  |  | Distributed by: ☒ Trustee ☐ Debtor(s) |  |
|  |  |  | $ | $ |
|  |  |  | Distributed by: ☒ Trustee ☐ Debtor(s) |  |

*Insert additional lines as needed.*

## PART 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐ The sum of $_____.

☐ _____% of the total amount of these claims, an estimated payment of $_____.

☒ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐ If the estate of the Debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $_____.

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one*

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

☐ The debtor(s) will maintain the contractual installment payments and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment. Contractual installment payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. The claim for the arrearage amount will be paid in full as specified below and disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Current installment payments | Amount of arrearage to be paid | Estimated total payments by trustee |
|---|---|---|---|
| _____ | $ _____ <br> Distributed by: <br> ☒ Trustee <br> ☐ Debtor(s) | $ _____ | $ _____ |
| _____ | $ _____ <br> Distributed by: <br> ☒ Trustee <br> ☐ Debtor(s) | $ _____ | $ _____ |

*Insert additional lines as needed.*

**5.3 Other separately classified nonpriority unsecured claims.** *Check one.*

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

☐ The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows: (If Trustee is to disburse and no monthly payment amount is listed below, distribution will be prorated according with plan section 7.2.)

| Name of creditor (Claim No.) | Base for separate classification | Treatment (to be paid prorated) | Amount to be paid on the claim (if applicable) | Interest Rate (if applicable) | Months | Starting on Plan Month | PMT Amount | Estimated total amount of payments |
|---|---|---|---|---|---|---|---|---|
| _____ | _____ | ☐ In Full – 100% <br> ☐ Less than 100% <br> ☐ Paid by co-debtor <br> ☒ Other (Explain) _____ | $ _____ | _____% | ____ | ____ | $ ____ | $ _____ |
| _____ | _____ | ☐ In Full – 100% <br> ☐ Less than 100% <br> ☐ Paid by co-debtor <br> ☒ Other (Explain) _____ | $ _____ | _____% | ____ | ____ | $ ____ | $ _____ |

*Insert additional lines as needed.*

Puerto Rico Local Form (LBF-G)     Chapter 13 Plan     20-00697     Page 8

## PART 6: Executory Contracts and Unexpired Leases

6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

☐ **Assumed items.** Current installment payments will be disbursed either by the trustee or directly by the debtor(s), as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Description of leased Property or executory Contract | Current Installment payment | Amount of arrearage to be paid | Treatment of arrearage (Refer to other plan section if applicable) | Estimated total payments by Trustee |
|---|---|---|---|---|---|
| _____ | _____ | $ _____ <br> Distributed by: <br> ☒ Trustee <br> ☐ Debtor(s) | $ _____ | _____ | $ _____ |
| _____ | _____ | $ _____ <br> Distributed by: <br> ☒ Trustee <br> ☐ Debtor(s) | $ _____ | _____ | $ _____ |

*Insert additional lines as needed.*

## PART 7: Vesting of Property of the Estate & Plan Distribution Order

7.1 **Property of the estate will vest in the debtor(s) upon**

*Check the applicable box:*

☒ plan confirmation.

☐ entry of discharge.

☐ other: _____.

7.2 **Plan Distribution by the Trustee will be in the following order:**
*(Numbers bellow reflects the order of distribution; same number means prorate distribution among claims with same number.)*

1. Distribution on Adequate Protection Payments (Part 3, Section 3.6)
1. Distribution on Attorney's Fees (Part 4, Section 4.3)
1. Distribution on Secured Claims (Part 3, Section 3.1 total) - *Current contractual installment payments*
2. Distribution on Post Confirmation Property Insurance Payments (Part 4, Section 4.6)
2. Distribution on Secured Claims (Part 3, Section 3.7)
2. Distribution on Secured Claims (Part 3, Section 3.1 total) -- *Arrearage Payments*
3. Distribution on Secured Claims (Part 3, Section 3.2 total)
3. Distribution on Secured Claims (Part 3, Section 3.3 total)
3. Distribution on Secured Claims (Part 3, Section 3.4 total)
3. Distribution on Unsecured Claims (Part 6, Section 6.1)
4. Distribution on Priority Claims (Part 4, Section 4.5 total)
5. Distribution on Priority Claims (Part 4, Section 4.4 total)
6. Distribution on Unsecured Claims (Part 5, Section 5.2)
6. Distribution on Unsecured Claims (Part 5, Section 5.3)
7. Distribution on General Unsecured claims (Part 4, Section 5.1)

Trustee's fees are distributed before each of the distributions above described pursuant to 28 U.S.C. § 586(e)(2).

## PART 8: Nonstandard Plan Provisions

8.1 Check "None" or list the nonstandard plan provisions.

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

Each paragraph must be numbered and labeled in boldface type, and with a heading stating the general subject matter of the paragraph.

The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.

1. **8.1 THIS SECTION MODIFIES PART 3, SECTION 3.1 MAINTENANCE OF PAYMENTS AND CURE DEFAULT, IF ANY.** –THE HOLDER OF SUCH CLAIM RETAIN THE LIEN SECURING SUCH CLAIM.

2. **TAX RETURNS:** TAX RETURNS WILL BE DEVOTED EACH YEAR, AS PERIODIC PAYMENTS TO THE PLAN FUNDING UNTIL PLAN COMPLETION. THE TENDER OF SUCH PAYMENT SHALL DEEM THE PLAN MODIFIED BY SUCH AMOUNT, INCREASING THE CASE THEREBY WITHOUT THE NEED OF FUTURE NOTICE HEARING OR COURT ORDER. IF NEED BE FOR THE USE OF DEBTORS OF A PORTION SUCH REFUND SHALL SEEK COURT'S AUTHORIZATION PRIOR TO ANY USE.

3. **TREATMENT TO COOP. A/C AGUADA:**

    a. THE DEBTOR WILL SUBMIT APPLICATION TO PAY SECURED CREDITOR COOP. A/C AGUADA THROUGH LOSS MITIGATION PROCESS.

    b. THE DEBTOR WILL COMPLY WITH ANY AGREEMENT REACHED WITH THIS CREDITOR IF THE COURT APPROVES SUCH STIPULATION.

    c. THE CREDITOR SHALL RETIAN IT'S LIEN ON COLLATERAL.

    d. COOP. A/C AGUADA SECURED CLAIM WILL RECEIVE <u>NO</u> DISTRIBUTION FROM CHAPTER 13 TRUSTEE, UNLESS THEY FILE A GENERAL UNSECURED CLAIM RESULTING FROM THE DEFICIENCY OF ANY FORECLOSED PROPERTY.

4. **TREATMENT TO WESTLAKE SECURED CLAIM:** STAY LIFTED FOR 2018 KIA RIO, THE TRUSTTE WILL MAKE NO DISTRIBUTIONS TO THIS CREDITOR.

## PART 9: Signature(s)

/S/ GLORIA JUSTINIANO IRIZARRY           Date 03/05/2020
**Signature of attorney of debtor(s)**

_____           Date _____

_____           Date _____

*Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)*

By filing this document, the Attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form G (LBF-G), other than any nonstandard provisions included in Part 8.

| | | |
|---|---|---|
| JONATHAN ARROYO MUNIZ<br>438 AVE ESTACION<br>ISABELA, PR 00662 | AEE<br>PO BOX 363508<br>SAN JUAN, PR 00939 | CASH MAX<br>11109 AVE JESUS T PINEIRO<br>SAN JUAN, PR 00920 |
| /S/ GLORIA JUSTINIANO IRIZARRY<br>CALLE A. RAMIREZ SILVA #8<br>ENSANCHE MARTINEZ<br>MAYAGUEZ, PR 00680 | AEE<br>PO BOX 363508<br>SAN JUAN, PR 00939 | CITIFINANCIAL<br>PO BOX 364106<br>SAN JUAN, PR 00936-4106 |
| AAA<br>PO BOX 70101<br>SAN JUAN, PR 00936-8101 | AEE<br>PO BOX 363508<br>SAN JUAN, PR 00939 | CLARO<br>PO BOX 70366<br>SAN JUAN, PR 00936-8366 |
| AAA<br>PO BOX 70101<br>SAN JUAN, PR 00936-8101 | AMERICAN EXPRESS<br>PO BOX 47455<br>JACKSONVILLE, FL 32247 | COOP. A/C AGUADA<br>PO BOX 543<br>AGUADA, PR 00602-0543 |
| AAA<br>PO BOX 70101<br>SAN JUAN, PR 00936-8101 | AT&T<br>PO BOX 47455<br>JACKSONVILL, FL 32247 | COOP. A/C AGUADA<br>PO BOX 543<br>AGUADA, PR 00602-0543 |
| AAA<br>PO BOX 70101<br>SAN JUAN, PR 00936-8101 | BANCO POPULAR DE PUERTO RICO<br>PO BOX 71375<br>SAN JUAN, PR 00936-7077 | COOP. A/C AGUADA<br>PO BOX 543<br>AGUADA, PR 00602-0543 |
| AAA<br>PO BOX 70101<br>SAN JUAN, PR 00936-8101 | BANCO POPULAR DE PUERTO RICO<br>PO BOX 71375<br>SAN JUAN, PR 00936-7077 | CRIM<br>PO BOX 195387<br>SAN JUAN, PR 00919-5807 |
| AAA<br>PO BOX 70101<br>SAN JUAN, PR 00936-8101 | BANCO SANTANDER OF PUERTO RICO<br>PO BOX 362589<br>SAN JUAN, PR 00936-2589 | CRIM<br>PO BOX 195387<br>SAN JUAN, PR 00919-5807 |
| ACCEPTANCE NOW<br>501 HEADQUATRS DR.<br>PLANO, TX 75024 | CALIDAD DE AUTO SALES<br>PO BOX | DEPART. OF MOTOR VEHICLES<br>ESTACION MINILLAS<br>PO BOX 41243<br>SAN JUAN, PR 00940-1243 |

DEPARTMENT OF LABOR
PRUDENCIO RIVERA MARTINEZ BLD
SAN JUAN, PR 00918

POPULAR AUTO
PO BOX 366818
SAN JUAN, PR 00936-6818

DEPARTMENT OF TREASURY
PO BOX 9024140 OFF. 424.B
BANKRUPTCY SECTION
SAN JUAN, PR 00902-4140

RELIABLE FINANCIAL SERVICES
PO BOX 21382
SAN JUAN, PR 00928-1382

IRS
PO BOX 7317
PHILADELPHIA, PA 19101-7317

RENT A CENTER
16005 CARR. 2 SUITE 50
SAN JUAN, PR 00936

JUAN PEREZ
AGUADILLA, PR 00603

SAMS
PO BOX 530942
ATLANTA, GA 30353-0942

LA FAMILIA CASA DE EMPENO
URB SULTANA
CALLE TENRIFE
MAYAGUEZ, PR 00680

TANIA E. CARDONA MONTALVO
HC02 BOX 25020
CABO ROJO, PR 00623

LCDA. PATRICIA PEREZ SURILLO
SUITE A-267, MCS PLAZA 255
PONCE DE LEON AVE.
SAN JUAN, PR 00917

WESTLAKE FINANCIAL SERVICES
4751 WILSHIRE BLVD. , SUITE 100
LOS ANGELES, CA 90010

LCDA. PATRICIA PEREZ SURILLO
SUITE A-267, MCS PLAZA 255
PONCE DE LEON AVE.
SAN JUAN, PR 00917

WESTLAKE FINANCIAL SERVICES
4751 WILSHIRE BLVD. , SUITE 100
LOS ANGELES, CA 90010

MCKENZIE CAPITOL, LLC.
3390 MARY ST. SUITE 216
MIAMI, FL 33133

MUEBLERIAS BERRIOS
PO BOX 674
CIDRA, PR 00739