UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

JONATHAN ARROYO MUÑIZ

DEBTOR

CASE NO. 20-00697 ESL

CHAPTER 13

**URGENT MOTION TO WITHDRAW LEGAL REPRESENTATION**

TO THE HONORABLE COURT:

Here comes the appearing attorney Gloria M. Justiniano Irizarry for the Debtor Jonathan Arroyo Muñiz ('the Debtor") and respectfully shows and prays as follows:

1. The Debtor filed this Chapter 13 Petition on February 13, 2020. On the same date, he filed a Motion for Continuation of the Automatic Stay, which has been opposed by the US Trustee Office ("the Opposition"). The hearing is scheduled for tomorrow, March 10, 2020.

2. The appearing attorney has been discussing with the US Trustee Attorney Julio Guzmán- Carcache the facts set in the Opposition in order to consider an opportunity for Debtor's reorganization.

3. Nevertheless, Mr. Guzman has been informed that the Debtor sold a property encumbered by Cooperativa a/c de Aguada **a day after** he filed this bankruptcy Case. He sent this attorney a copy of the Deed of Sale on Friday March 6, 2020. (See Exhibit 1.).

4. The Deed of Sale was executed on February 14, 2020 before Public Notary Carlos A. Cabán Rodriguez, Deed Number Ten. It refers to the real property listed in Schedule A (1.1), property number 9,063 registered at Page 77 of Volume 476 of Isabela, Registry of property of Aguadilla.

5. I had no previous knowledge of the sale of this property. As a matter of fact, it is included as part of the Bankruptcy Estate. (Schedule A/B )

6. The Debtor never disclosed to this attorney the transfer of this property, and I have met with him more than five times in order to discuss every schedule filed in this case.

7. On Friday afternoon, March 6, 2020 I requested him to appear urgently at my office. The meeting was scheduled for today morning.

8. Today, he appeared at my office, and I informed him that I will withdraw my legal representation: I cannot represent a Debtor that fails to show respect to the Court and the process.

9. His response was violent and threatening, and I requested him politely to leave my office. I had to call my staff since I feared that he may cause me physical damage.

10. He threated the appearing attorney that he will file a false complaint against her before this Court, the Supreme Court, and the Police Department if I withdrew my legal representation.

11. After leaving my office, he called my office and threated me again that I will

suffer severe loss if I continue with my decision to submit to this Court copy of the Deed of Sale, and to withdraw my legal representation.

12. I communicated with the Public Notary Carlos A. Cabán Rodriguez, and I informed him of the legal circumstances pertaining Debtor's bankruptcy case, and the fact that the sale was executed without this Court authorization neither this attorney's knowledge.

13. Due to all these circumstances, this attorney cannot continue with Debtor's legal representation.

14. All schedules have been filed in this case.

15. I have not answered the US Trustee's Opposition because I have ethical considerations, as I have informed the Court in this Motion.

16. Debtor has been advised that he had to appear before the Court for tomorrow hearing, and that he has the right to be heard. I will bring his file to the hearing to give it to him before this Court.

17. The appearing attorney will file an Application for attorney's fees within seven (7) days.

**WHEREFORE**, the appearing attorney respectfully requests that this Honorable Court allows her to withdraw her legal representation, and very respectfully requests that this Honorable Court grants the Debtor twenty-one (21) days extension of time to attain new legal representation, and that all pending motions be held in abeyance.

**RESPECTFULLY SUBMITTED**

In Mayaguez, Puerto Rico this 9th day of March, 2020

## CERTIFICATE OF SERVICE

### CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I hereby certify that on this same date I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF System, which sends notification of such filing to the United States Trustee: *Mrs. Monsita Lecaroz Arribas, Esq.,* at [ustpregion21.hr.ecf@usdoj.gov](mailto:ustpregion21.hr.ecf@usdoj.gov); and to all CM/ECF participants. I further certify that I have served this notice by depositing true and correct copy thereof in the United State Mail to all non user creditors and parties in interest as per attached Master Address List; to the Debtor 438 Avenida Estacion, Isabela, PR 00662.

/s/ Lcda. Gloria Justiniano
USDC- PR - 207603
Calle Ramírez Silva# 8
Ensanche Martínez
Mayagüez, PR 00680-4714
Tel: (787) 222-9272 & 805-2945
Fax: (787) 805-7350
Email: justinianolaw@gmail.com

----------NOTA DE SACA---------
---En el día de hoy, expido primera copia certificada de la presente escritura a favor de ERIKA BENÍQUEZ CARIDES, parte interesada.----------
--------DOY FE--------

**CARLOS A. CABÁN RODRÍGUEZ**
**NOTARIO PUBLICO**

JAM
EBC




------------ESCRITURA NUMERO DIEZ (10) --------------
------------COMPRAVENTA ASUMIENDO HIPOTECA--------------
---En la ciudad de Aguadilla, Puerto Rico, a los catorce (14) días del mes de febrero del año dos mil veinte (2020). --------------
------------------------ANTE MÍ--------------
---CARLOS A. CABÁN RODRÍGUEZ, Abogado y Notario Público, en y para el Estado Libre Asociado de Puerto Rico, con residencia y vecindad en Moca, Puerto Rico, y con estudio abierto en la ciudad de Aguadilla, Puerto Rico, con número de Notario diecisiete mil quinientos ochenta y seis (17,586). --------------
------------------------COMPARECEN--------------
---DE LA PRIMERA PARTE; DON JONATHAN ARROYO MUÑIZ, mayor de edad, soltero, comerciante, y vecino de Aguadilla, Puerto Rico; y de aquí en adelante denominada esta parte compareciente como **"LA PARTE VENDEDORA"**. --------------
---DE LA SEGUNDA PARTE; DOÑA ERIKA BENÍQUEZ CARIDES también conocida por Erika Beníquez, mayor de edad, soltera, miembro de las Fuerzas Armadas de los Estados Unidos, y vecina de Isabela, Puerto Rico; y de aquí en adelante denominada esta parte compareciente como **"LA PARTE COMPRADORA"**. --------------
------------------------DOY FE--------------
---De haber identificado a las partes comparecientes, por no conocerlos personalmente, por los medios supletorio del Artículo diecisiete (17) de la Ley Notarial de Puerto Rico y el Artículo treinta (30) del Reglamento de Notaría, según enmendados, a DON JONATHAN ARROYO MUÑIZ por su licencia de conducir número cuatro cuatro siete dos siete cuatro cuatro (4472744), y a DOÑA ERIKA BENÍQUEZ CARIDES por su licencia de conducir número cuatro ocho siete tres ocho uno cuatro (4873814), expedidas ambas identificaciones por las autoridades públicas competentes del Estado Libre Asociado de Puerto Rico, las cuales tienen sus fotos y firmas, respectivamente; y por sus manifestaciones, las cuales juzgo como ciertas doy fe de su edad, estado civil, ocupación y vecindad. Me aseguran tener, y a mi juicio tienen, la autoridad y capacidad legal necesaria para otorgar la presente escritura, y en tal virtud y voluntariamente: --------------
------------------------EXPONEN--------------
---**PRIMERO**: "LA PARTE VENDEDORA" es dueña en pleno dominio de la propiedad inmueble que consta inscrita en el Registro de la Propiedad (y de aquí en adelante denominado como "el Registro") como se describe a continuación: --------------
----"RUSTICA: Solar número seis (6) radicado en el Barrio Jobos del término municipal de Isabela, Puerto Rico, compuesta de SEISCIENTOS METROS CUADRADOS (600.00 MC), en lindes por el NORTE, con el remanente de la finca principal; por el SUR, con una carretera dedicada a uso público; por el ESTE, con el solar número cinco (5); y por el OESTE,

1

con el solar número siete (7)."

-----Edificio de hormigón reforzado y bloques, con techo de zinc galvanizado, con un área cerrada de setecientos sesenta y ocho (768.00) pies cuadrados con las siguientes dependencias: sala, comedor, cocina, cuarto de baño, tres (3) dormitorios y balcón con un área de ciento cuarenta y cuatro (144) pies cuadrados; esto según expresa la inscripción cuarta (4ª) del Registro.

-----Inscrita en la Sección de Aguadilla, al folio setenta y siete (77) del tomo cuatrocientos setenta y seis (476) de Isabela, finca número nueve mil sesenta y tres (9,063), inscripción decimosexta (16ª).

-----Manifiesta "LA PARTE VENDEDORA" que la propiedad tributa bajo el número de catastro: cero siete cero guion cero seis dos guion cero uno cero cuatro cinco guion cero cero uno (070-062-010-45-001).

------------------------------TÍTULO------------------------------

---SEGUNDO: Manifiesta "LA PARTE VENDEDORA" que adquirió la referida propiedad por título de compraventa. Así resulta de la Escritura número ciento cuarenta y dos (142) otorgada en Aguada, Puerto Rico, el veinticinco (25) de noviembre de dos mil cinco (2005), ante el Notario Público Pedro L. García Morell; la cual motivó la inscripción decimosexta (16ª) en el Registro bajo la finca número nueve mil sesenta y tres (9,063).

------------------------------CARGAS Y GRAVÁMENES------------------------------

---TERCERO: También manifiesta "LA PARTE VENDEDORA" que la referida propiedad se encuentra POR SU PROCEDENCIA, libre de cargas, y POR SÍ, afecto por:

-----A) HIPOTECA constituida en garantía de pagaré a favor de la Cooperativa de Ahorro y Crédito de Aguada, o a su orden, por la suma principal de CIENTO TREINTA Y CINCO MIL DÓLARES ($135,000.00), más intereses al siete por ciento (7%) anual, y vencimiento al primero (1) de diciembre de dos mil veinticinco (2025). Así resulta de la Escritura número ciento cuarenta y tres (143) otorgada en Aguadilla, Puerto Rico, el día veinticinco (25) de noviembre de dos mil cinco (2005), ante el Notario Público Pedro L. García Morell; la cual motivó la inscripción decimoséptima (17ª) en el Registro, en un asiento abreviado al folio cuarenta y tres (43) del tomo cuatrocientos setenta y nueve (479) de Isabela, bajo el mismo número de finca.

-----"LA PARTE VENDEDORA" y "LA PARTE COMPRADORA" reconocen y aceptan que la suma principal de la hipoteca ha sido reducida a la cantidad de CIENTO QUINCE MIL OCHOCIENTOS VEINTITRÉS DÓLARES CON DOS CENTAVOS ($115,823.02), cantidad que es aceptada por ambas partes a esa fecha para efectos de esta transacción. Ambas partes acuerdan que no tienen ante sí una balance oficial de cancelación de la Cooperativa de Ahorro y Crédito de Aguada, pero no desean posponer el otorgamiento de la presente escritura y eximen al Notario autorizante de toda responsabilidad.



JWW
EBC

2

-----B) MODIFICACIÓN DE HIPOTECA constituida a favor de la Cooperativa de Ahorro y Crédito de Aguada, o a su orden, por la suma principal de CIENTO VEINTICUATRO MIL NOVECIENTOS SESENTA Y NUEVE DÓLARES CON CINCUENTA Y OCHO CENTAVOS ($124,969.58), más intereses al siete punto cinco por ciento (7.5%), y vencimiento en trescientos sesenta meses (360). Así resulta de la Escritura número treinta y cinco (35) otorgada en Aguada, Puerto Rico, el día diez (10) de mayo de dos mil once (2011), ante el Notario Público Juan Carlos Ortega Torres; la cual consta presentada y pendiente de calificación y despacho en el Registro de la Propiedad, Sección de Aguadilla, al asiento mil ochenta y uno (1081) del diario ochocientos cuarenta y cinco (845). Se hace constar que en dicha modificación se garantiza también la finca veintiún mil ciento ochenta y cinco de Aguadilla, pero no consta objeto de esta compraventa. Se acompaña en este asiento la Escritura número treinta y seis (36) de Acta de Subsanación otorgada en San Juan, Puerto Rico, el día dieciocho (18) de mayo de dos mil once (2011), ante el Notario Público Juan Carlos Ortega Torres, para hacer constar el nombre correcto del representante de la Cooperativa de Ahorro y Crédito de Aguada que compareció en dicha escritura de modificación. ---------

-----C) ANOTACIÓN DE EMBARGO por Orden dada el dos (2) de febrero de dos mil once (2011) en el caso civil número A uno CI dos mil nueve guion cero cero cinco tres uno (A1CI2009-00531) sobre cobro de dinero, <u>Banco Popular de Puerto Rico vs Jonathan Arroyo Muñiz</u>, seguido en el Tribunal de Primera Instancia, Sala Superior de Aguadilla, en la cual se ordena el pago por la suma de TREINTA Y CINCO MIL NOVECIENTOS TREINTA Y TRES DÓLARES CON OCHENTA Y TRES CENTAVOS ($35,933.83) más intereses y honorarios de abogados; presentada y pendiente de calificación y despacho el Registro de la Propiedad, Sección de Aguadilla, al asiento ochocientos cuatro (804) del diario ochocientos cuarenta y seis (846). Que, la Cooperativa de Ahorro y Crédito de Aguada ha solicitado la cancelación de dicha anotación de embargo mediante Instancia otorgada en San Juan, Puerto Rico, el treinta y uno (31) de enero de dos mil veinte (2020), la cual consta presentada y pendiente de calificación y despacho en el Registro de la Propiedad, Sección de Aguadilla, al asiento dos mil veinte guion cero cero nueve cuatro cero ocho guion AG cero uno (2020-009408-AG01). ---------

-----D) EMBARGO FEDERAL en contra de "LA PARTE VENDEDORA"; entiéndase, JONATHAN ARROYO MUÑIZ, por la suma de CUATRO MIL QUINIENTOS SESENTA Y DOS DÓLARES CON TREINTA Y NUEVE CENTAVOS ($4,562.39); número de serie tres siete ocho nueve cuatro ocho ocho uno nueve (378948819), anotado al dieciséis (16) de septiembre de dos mil diecinueve (2019) al asiento dos




3

mil diecinueve guion cero cero nueve cero tres cero guion FED (2019-009030-FED) al sistema Karibe. ------

------COMPRAVENTA------

---**CUARTO:** "LA PARTE VENDEDORA" y "LA PARTE COMPRADORA" manifiestan que tienen convenida la compraventa de la propiedad inmueble objeto de la presente escritura, y en tal virtud, "LA PARTE VENDEDORA", por la presente, VENDE, CEDE y TRASPASA a "LA PARTE COMPRADORA", quien compra y recibe con todo lo que le es anexo y le forme parte, con todos sus usos, derechos y acciones, servidumbres, edificaciones y pertenencias, y cuanto le fuera inherente, sin reserva ni limitación alguna, bajo las siguientes: ------

------CLAUSULAS Y CONDICIONES------

---A) Esta compraventa se efectúa por el convenido y ajustado precio de **NUEVE MIL DÓLARES ($9,000.00)**, de cuya suma de dinero confiesa "LA PARTE VENDEDORA" haber recibido con anterioridad al presente acto la cantidad de CUATRO MIL DÓLARES ($4,000.00); siendo las circunstancias de los comparecientes las mismas que en el presente acto, y en el día hoy la cantidad de CINCO MIL DÓLARES ($5,000.00), todo en moneda de curso legal de Estados Unidos de América, por lo que "LA PARTE VENDEDORA", en el presente acto, otorga el más formal y eficaz recibo o carta de pago a "LA PARTE COMPRADORA". ------

---B) "LA PARTE COMPRADORA", mediante este acto, asume la responsabilidad de la hipoteca que grava la propiedad objeto de la presente compraventa, liberando a "LA PARTE VENDEDORA" de la misma, y mediante este acto asume el dominio de dicha propiedad, por lo que el Notario autorizante les ha advertido a las partes, en específico a "LA PARTE COMPRADORA": ------

-----(1) Sobre los efectos legales de adquirir una propiedad hipotecada ("*due-on-sale*"), en específico la necesidad de comprobar con el acreedor hipotecario si la hipoteca que grava la propiedad es asumible y las condiciones para ello, así como la conveniencia de realizar los trámites necesarios para completar el traspaso de la deuda y obtener la liberación de "LA PARTE VENDEDORA" por el acreedor hipotecario. Los comparecientes manifiestan haber investigado y verificado a su conformidad tales extremos, y quedan entendido que, sin el previo consentimiento, la institución bancaria podrá requerir el pago completo e inmediato de todas las cantidades aseguradas por la hipoteca. No obstante, lo anterior advertido, los comparecientes manifiestan su deseo de continuar con el otorgamiento de esta compraventa. ------

-----(2) Las partes manifiestan y reconocen que "LA PARTE VENDEDORA" le ha hecho entrega a "LA PARTE COMPRADORA" de una copia de la Escritura de Primera Hipoteca antes relacionada, así como del Pagaré suscrito en garantía y que actualmente grava el inmueble, y ésta




4

reconoce y confiesa conocer todos los términos y estipulaciones contenidos en tanto en la escritura como en el Pagaré, y se compromete a cumplir con todos los pactos y estipulaciones comprendidas en dichas obligaciones, asumiendo la responsabilidad personal representada por el Pagaré y el gravamen hipotecario constituido en su garantía. ----------------

-----(3) "LA PARTE COMPRADORA" se compromete con "LA PARTE VENDEDORA" a continuar realizando de forma mensual y puntual, los pagos mensuales, además, de cualquier otra cantidad requerida por la institución bancaria, incluyendo, pero sin limitarse a, seguros, contribuciones, multas e imposiciones, o cargos de similar naturaleza, todo ello relacionado con la hipoteca que grava el inmueble en cuestión. "LA PARTE VENDEDORA" manifiesta que el pago mensual es de QUINIENTOS NOVENTA Y CINCO DÓLARES CON VEINTICINCO CENTAVOS ($595.25), pagaderos los días treinta (30) de cada mes. La "PARTE COMPRADORA" acepta dicha cantidad mensual y asume la misma. ----------------

-----(4) Queda entendido y comprendido entre las partes que de "LA PARTE COMPRADORA" incumplir con los pagos antes indicados y/o en caso de que la hipoteca sea acelerada por la institución por tal incumplimiento, "LA PARTE COMPRADORA" indemnizará a "LA PARTE VENDEDORA" por tal incumplimiento, disponiéndose que dicha cláusula aplicará única y exclusivamente si "LA PARTE COMPRADORA" no pagase por dicho incumplimiento o aceleración de hipoteca. ----------------

-----(5) Las partes acuerdan que "LA PARTE VENDEDORA" vendrá obligada a notificarle a "LA PARTE COMPRADORA" de toda comunicación que le sea notificada por la institución bancaria tan pronto la reciba y/o sea de su conocimiento, y de no notificarse, "LA PARTE COMPRADORA" podrá invocar en su contra cualquier remedio permitido por ley. Cualquier notificación se estimará haber sido dada cuando se envíe por correo regular o certificado o cuando se entregue a la dirección notificada por "LA PARTE COMPRADORA" si se envía por cualquier otro medio. ----------------

-----(6) "LA PARTE COMPRADORA" se compromete en su día a realizar las gestiones necesarias para que en un futuro pueda refinanciar la deuda hipotecaria que grava la propiedad adquirida y la cual figura a nombre de "LA PARTE VENDEDORA" de modo que quede liberado de dicha responsabilidad hipotecaria. ----------------

-----(7) "LA PARTE VENDEDORA" autoriza a "LA PARTE COMPRADORA" a solicitar el pagaré endosado a su nombre para fines de cancelación, en su día. ----------------

-----(8) Los gastos de cancelación de hipoteca, en su momento, los asume "LA PARTE COMPRADORA". ----------------




5

---C) "LA PARTE COMPRADORA" manifiesta que ha inspeccionado la propiedad y la recibe y acepta en las condiciones en que ésta se encuentra al presente, como está ("*as is*") y donde está ("*where it is*"), relevando a "LA PARTE VENDEDORA" de toda responsabilidad con relación a este particular. ------

---D) Con este negocio jurídico "LA PARTE COMPRADORA" entra en la posesión y disfrute de la propiedad inmueble que mediante la presente escritura adquiere sin otro requisito o acto que el presente otorgamiento, por lo que adviene a ser dueña única, exclusiva y a título *privativo* de la misma. ------

------No obstante, las partes acuerdan que esta escritura no será presentada en el Registro de la Propiedad para su inscripción hasta que se salde la hipoteca que grava la misma, por lo que "LA PARTE VENDEDORA", para efectos de titularidad en el Registro, seguirá siendo dueño y titular de la propiedad inmueble. ------

---E) Las partes, en particular "LA PARTE VENDEDORA", manifiestan y garantizan y reconocen que la propiedad está libre de toda carga y gravamen y embargos, con excepción a todo lo relacionado en el inciso tercero de la presente escritura. En cuanto al embargo federal mencionado en el inciso tercero (d) "LA PARTE COMPRADORA" acepta el mismo; no obstante, será "LA PARTE VENDEDORA" quien asuma el pago de la totalidad de CUATRO MIL QUINIENTOS SESENTA Y DOS DÓLARES CON TREINTA Y NUEVE CENTAVOS ($4,562.39) para liberar a la propiedad objeto de esta compraventa de dicho embargo. "LA PARTE VENDEDORA" reconoce y acepta que es el responsable de pagar dicha deuda y se compromete a pagarla en su totalidad. ------

---F) Las partes, aceptan y reconocen que tienen que acudir al Centro de Recaudación de Ingresos Municipales (CRIM) para determinar la existencia de deuda contributiva que pudiera estar gravando la propiedad objeto de este escritura o la finca principal de donde ésta procede. Las partes convienen, además, que las contribuciones sobre la propiedad serán pagadas por "LA PARTE VENDEDORA" hasta esta fecha, y de aquí en adelante serán por cuenta y cargo de "LA PARTE COMPRADORA". ------

---G) "LA PARTE VENDEDORA" está obligada al saneamiento en caso de evicción y por otras causas conformes a derecho y lo aquí acordado. ---

---H) Es convenido y estipulado, además, por los aquí comparecientes que cada uno de ellos pagará el cincuenta por ciento (50%) de los honorarios notariales y los sellos de Rentas Internas, de la Sociedad para Asistencia Legal y del Impuesto Notarial tanto para la escritura original como para la copia certificada, y los comprobantes de los derechos para la presentación e inscripción de la presente escritura en el Registro de la Propiedad, así como cualquier otro gasto para traspasar la propiedad objeto de compraventa a nombre de "LA PARTE COMPRADORA". ------




6

---QUINTO: Los aquí comparecientes, sus sucesores, causahabientes por cualquier título vienen obligados a otorgar y suscribir toda clase de documentos públicos y/o privados que sean necesarios y requeridos para suplir cualquier omisión o detalle que deba aclararse, corregirse, enmendarse o añadirse para que los actos que comprenden el presente instrumento público sean inscritos correctamente en el Registro de la Propiedad correspondiente, incluyendo cualquier acta aclaratoria, o rectificación y/o ratificación. ------

---SEXTO: Las partes, de acuerdo con el carácter y representación en que comparecen, aceptan esta escritura en todas sus partes según redactada, y reconocen que todo alegado, acuerdo, convenio, compromiso, representación y/o promesa oral o escrita de "LA PARTE VENDEDORA", por sí o por conducto de sus agentes, empleados, representantes y/o corredores de bienes raíces, ha sido satisfecho a cabalidad con anterioridad al otorgamiento de la presente escritura de compraventa, por lo que ésta comprende e incluye todos los acuerdos, términos y condiciones de esta compraventa, y por ende queda sin efecto todo otro convenio, pacto, compromiso, acuerdo, representación o promesa previa que no esté aquí expresamente convenido o que pueda ser contrario a todo cuanto antes este aquí consignado. ------

------ADVERTENCIAS------

---Yo, el Notario Autorizante, en cumplimiento de lo dispuesto en la Ley, les hice las reservas y advertencias legales pertinentes a las partes otorgantes sobre este otorgamiento, en especial todas las advertencias relacionadas con el acto jurídico que las partes han de realizar en la presente escritura. Expresamente les advertí: ------

---(1) <u>Estado contributivo.</u> De la importancia y conveniencia de haber tomado conocimiento del estado contributivo del inmueble mediante una certificación del Centro de Recaudación de Ingresos Municipales (de aquí en adelante denominado por su acrónimo "CRIM"), de la que se desprende el estado contributivo de la propiedad y sus deudas, si alguna, y de haber sido advertidos sobre el contenido, alcance y limitaciones de dicha certificación y el riesgo de que el CRIM expida recibos de cobro adicionales. Que de existir cualquier deuda contributiva pendiente de pago sobre el inmueble objeto de la transacción, el mismo responde de tal obligación al erario público, aun cuando "LA PARTE COMPRADORA" tenga alguna causa de acción contra "LA PARTE VENDEDORA" por vicios o información errónea u oculta. ------

---(2) <u>Transferencia de las contribuciones sobre la propiedad.</u> Sobre la obligación que tiene "LA PARTE COMPRADORA" de transferir a su nombre las contribuciones sobre la propiedad en el Centro de Recaudación de Ingresos Municipales (CRIM) y/o de solicitar exoneración contributiva, de cualificar, de acuerdo y dentro del término establecido a la ley,





7

liberando expresamente al Notario fedatario de dicha responsabilidad. "LA PARTE COMPRADORA" fue advertida que antes de formalizar la transacción y adquirir la propiedad, debería acudir a la oficina correspondiente del Centro de Recaudación de Ingresos Municipales (CRIM) para determinar la existencia de deuda contributiva que pudiera estar gravando la propiedad objeto de este contrato o la finca principal de donde ésta procede. ----------

---(3) <u>Negociado de Tasación de la Propiedad</u>. Las partes notificarán rápidamente al Negociado de Tasación de la Propiedad del Departamento de Hacienda sobre los particulares que informa la presente escritura, a los efectos contributivos y otros extremos de ley que fueren pertinentes. ------

---(4) <u>Cabida de la propiedad inmueble</u>. Consecuentemente, ninguna de las partes tendrá derecho u obligación alguna en caso de aumento o disminución de cabida en la propiedad. "LA PARTE COMPRADORA" asume exclusivamente la responsabilidad y los costos envueltos en cualquier gestión que resulte necesaria para corregir la cabida de la propiedad en caso de que una mensura de la misma refleje cualquier disminución o aumento en la cabida que se señala en la descripción que de la propiedad se hace en la presente escritura. ----------

---(5) <u>Zonas Susceptibles de Inundación</u>: Se advierte además, que de encontrarse en una zona inundable la propiedad inmueble objeto de esta transacción, cualquier titular y/u ocupante presente y futuro del mismo, queda obligado por ley a observar y cumplir con los requerimientos y disposiciones del Reglamento sobre Zonas Susceptibles de Inundación, bajo apercibimiento de que incumplir con los mismos resultaría en un acto ilegal, a tenor de las disposiciones de la Sección Tres (3) de la Ley Once (11) del ocho (8) de marzo de mil novecientos ochenta y ocho (1988) sobre Zonas Inundables (23 L.P.R.A. Sec. 225(g)). Las partes aquí comparecientes reconocen estar plenamente advertidas sobre este requisito y se obligan a su fiel cumplimiento en caso de que les sea de aplicación el mismo. ----------

---(6) <u>Pintura a Base de Plomo.</u> Que a tenor con las disposiciones de la Ley Federal para la reducción de los Riesgos Provocados por la Pintura a Base de Plomo en Viviendas, 42 U.S.C. 4851 y siguiente; (I) que si la estructura objeto de compraventa fue construida con anterioridad al mil novecientos setenta y ocho (1978), la misma podría estar contaminada con plomo y/o asbesto; (ii) de los peligros que dicha contaminación puede causar a los ocupantes de la propiedad; y (iii) de su derecho a inspeccionar la propiedad con por lo menos diez (10) días de antelación al otorgamiento de la presente escritura con el propósito de detectar la presencia de plomo o asbesto. Habiéndose hecho la advertencia antes indicada, las partes comparecientes se manifiestan conformes y "LA PARTE COMPRADORA" renuncia en este acto a que se posponga este

JWN.
EBC




8

otorgamiento para hacer uso de su derecho de inspección, manifestando al infrascrito Notario su decisión e interés en continuar con este otorgamiento, y eximiendo, a su vez, al Notario autorizante de responsabilidad en lo relacionado con el requisito de divulgación sobre pintura de plomo. ------

---(7) Evaluación ambiental. "LA PARTE VENDEDORA" representa y garantiza a "LA PARTE COMPRADORA" que a su mejor entender la propiedad objeto de esta compraventa está libre de almacenaje y disposición de materiales o sustancias peligrosas o tóxicas, según éstas se definen en las leyes y reglamentos estatales y federales aplicables, incluyendo, pero sin limitarlo a materiales que contentan asbesto o cloruro de polybifenil. Habiéndose hecho la advertencia antes indicada, "LA PARTE COMPRADORA" renuncia en este acto a que se posponga este otorgamiento para hacer uso de su derecho de inspección, manifestando al infrascrito Notario su decisión e interés en continuar con este otorgamiento. ------

---(8) "Due-on-sale". Sobre la cláusula de transferencia o aceleración ("*due-on-sale*") que está contenida en ciertas escrituras de hipoteca que establece que un comprador que interese adquirir una propiedad que garantiza una hipoteca y asume la deuda, debe solicitar el consentimiento de la institución financiera antes de realizar la transacción. Si no lo hace, la institución podrá declarar vencida la deuda y exigir el pago del balance al deudor original. ------

---(9) Saneamiento y evicción. La consecuencia de la cláusula que se ha incluido en esta escritura sobre saneamiento y evicción: (a) LA PARTE VENDEDORA" está obligado a la entrega y saneamiento de la cosa objeto de la venta; (b) "LA PARTE VENDEDORA" deberá entregar la cosa vendida en el estado en que se hallaba al perfeccionarse el contrato; (c) Será nulo todo pacto que exima LA PARTE VENDEDORA" de la evicción, siempre que hubiere mala fe de su parte. ------

---(10) Planilla Informativa sobre Segregación, Agrupación o Traslado de Bienes Inmuebles. Conforme a lo dispuesto en el Artículo once (11) de la Ley número setenta y cinco (75) aprobada el dos de julio de mil novecientos ochenta y siete (1987), según enmendada, será obligación del transmitente, o de quien segregue o agrupe cumplimentar y depositar en la oficina del Notario autorizante la Planilla Informativa sobre Segregación, Agrupación o Traslado de Bienes Inmuebles al momento del otorgamiento o no más tarde de los ocho (8) días siguientes a la transacción, certificando mediante su firma y responsabilidad la veracidad de la información suministrada, y la notificación de la misma al Centro de Recaudaciones de Ingresos Municipales (CRIM) con la Solicitud de Cambio de Dueño y Exoneración que corresponda conforme a la Ley número doscientos cincuenta (250) del cuatro (4) de septiembre de dos mil cuatro (2004),




9

para enmendar el Artículo once (11) de la Ley número setenta y cinco (75) del dos (2) de julio de mil novecientos ochenta y siete (1987), según enmendada, conocida como "Ley Notarial de Puerto Rico". ----------

---(11) <u>Planilla de Contribución sobre Ingresos.</u> Sobre la obligación de los comparecientes de incluir cualquier ganancia producto de la venta de la propiedad en su planilla de contribución sobre ingresos, para lo cual deberá determinar el monto de la ganancia, si alguna, y cumplir con la obligación fiscal que determina la ley. El Notario orientó a los comparecientes sobre la conveniencia de consultar el aspecto y consecuencias contributivas de esta compraventa con un contable, contador o profesional cualificado correspondiente. ------------------------

---(12) <u>Presentación en el Registro de la Propiedad.</u> La conveniencia y necesidad de presentar copia certificada de esta escritura en el Registro de la Propiedad correspondiente lo antes posible para darles aviso a terceras personas de este negocio jurídico, liberando expresamente al Notario fedatario de dicha responsabilidad. Y, además, de presentar todos los documentos complementarios que sean necesarios para la inscripción. -----

---(13) <u>Documentos previos pendientes de inscripción.</u> Se les advierte a los comparecientes, y en especial a "LA PARTE COMPRADORA", que la(s) escritura(s) y documento(s) necesarios para lograr la inscripción deberá(n) ser calificado(s) por el Registro de la Propiedad y que la presente escritura no será inscrita hasta que el(la) Registrador(a) inscriba el(los) documento(s), si alguno(s). Los comparecientes reconocen haber entendido las advertencias y las posibles consecuencias legales de lo explicado incluyendo el que esta escritura no pueda inscribirse y en consecuencia la titularidad transferirse a "LA PARTE COMPRADORA" si no se logra la inscripción de todos los documentos pendientes de calificación y despacho. Los comparecientes se comprometen a que, en la eventualidad de surgir alguna notificación del Registro de la Propiedad sobre la presente escritura, otorgarán todos los documentos legales, públicos o privados, que sean necesarios para corregir la misma dentro del término estipulado en la propia notificación. --------------------------------

---(14) <u>Estudio Registral:</u> Los comparecientes manifiestan haber recibido copia de un estudio registral reciente en el cual se expresa la situación registral de la propiedad descrita y sus cargas y gravámenes. El referido estudio ha sido realizado mediante el sistema KARIBE, hasta el día doce (12) de febrero de dos mil veinte (2020), por la investigadora de títulos Linnette Ríos Semidey, de LRS Title Search, verificado en bitácora electrónica hasta la fecha. Reconocen las partes que el Notario les ha explicado el alcance y significado de lo que expresa el estudio de título y manifiestan que, a su mejor conocimiento, dicho estudio refleja la realidad sobre la titularidad y cargas de la propiedad al día de hoy. Asimismo, reconocen que el Notario les ha advertido de la conveniencia de que se

JAM.
E BC




acredite el estado de cargas con la certificación del Registro de la Propiedad, o que lo comprueben directamente examinando los libros del mismo, en cualquiera de cuyos casos se puede posponer el cierre para brindar la oportunidad necesaria. De igual forma, aceptan las partes que se les ha advertido que la expedición de la certificación o la realización de un estudio registral no cierra el Registro y que, por tanto, no obstante, la certificación negativa que se presente puede existir cargas o títulos inscritos con posterioridad, por muy reciente que sea la certificación o el estudio registral. --------

-----En adición se advierte que, en la actualidad se ha establecido un sistema de bitácora electrónica en el Registro de la Propiedad sobre el cual no se puede precisar la existencia de documentos adicionales relacionados con la propiedad. Los comparecientes expresan conocer sobre el estado registral y jurídico del inmueble que aquí se adjudica, cede, traspasa y enajena y manifiestan estar conformes por lo que liberan al infrascrito Notario de cualquier situación registral o extra registral que pueda surgir con relación al inmueble descrito en este instrumento así como también relevan al infrascrito Notario de responsabilidad en cuanto al examen de las constancias registrales, ya sea de cualquier error y/u omisión que haya en el mismo. --------

---(15) Los deberes y consecuencias fiscales de este negocio jurídico. -----

---(16) Del contenido sustantivo de este instrumento. --------

---(17) Los derechos de tercero que puedan emanar del contenido de este instrumento público. --------

---(18) Lectura: Todo otorgante de una escritura tiene derecho a leer la misma por sí o por persona que designe. Se orienta que la fijación de las iniciales en cada página equivale su lectura, entendimiento y aceptación de su contenido. --------

---(19) Testigos: Se tiene derecho a requerir la presencia de testigos instrumentales para este otorgamiento. --------

---(20) El uso del singular en esta escritura se entenderá que incluye el plural y viceversa dondequiera que el contexto lo requiera. --------

---(21) Leyenda. La leyenda y los títulos en lo sucesivo son utilizados simplemente para ayudar la lectura de este instrumento y no deben afectar la redacción del mismo. --------

--------------LECTURA Y ACEPTACIÓN--------------

---Leída que fue esta escritura por los otorgantes luego de advertirles el derecho que le hice saber tenían de leerla por sí misma, de cuyo derecho hicieron uso. Los comparecientes aceptan la presente escritura en todas sus partes por ser fiel exponente de sus instrucciones y deseos, habiéndoles hecho Yo, EL NOTARIO, las advertencias legales pertinentes las cuales aceptan haber entendido lo advertido y reconoce las posibles consecuencias legales de lo advertido. Entendido, los comparecientes




11

manifiestan su determinación de proceder en este momento con el otorgamiento de la presente escritura. ------

------OTORGAMIENTO------

---De todo lo cual, de haber hecho YO, EL NOTARIO, a los otorgantes las advertencias legales del caso, de haber quedado fijados y cancelados en esta escritura los sellos de rentas internas prevenidos con el impuesto notarial correspondiente, así como de haberse cumplido en este otorgamiento con todas las formalidades legales del caso. ------

---Leída en voz alta esta escritura por EL NOTARIO y los comparecientes manifiestan estar de acuerdo a lo consignado en esta escritura y, encontrándola conforme a su voluntad y deseo, se ratifican en su contenido y la firman ante mí, EL NOTARIO, en el mismo día de su otorgamiento, estampando, además, sus iniciales al margen de todos y cada uno de los folios de este documento, y yo, EL NOTARIO, quien de todo lo consignado anteriormente y de lo cual, y de lo demás que aseguro o refiero en este instrumento público, signo, sello, rubrico y firmo, y DOY FE. ------

JAM.
EBC







12

------------------------------CERTIFICO------------------------------
---FIRMADO POR: JONATHAN ARROYO MUÑIZ; y por ERIKA BENÍQUEZ CARIDES también conocida por Erika Beníquez. ------------------------------
---FIRMADO, SIGNADO, SELLADO Y RUBRICADO POR: CARLOS A. CABÁN RODRÍGUEZ, NOTARIO AUTORIZANTE. ------------------------------
---De haberse cancelados los correspondientes sellos de Rentas Internas e Impuesto Notarial; según apliquen, y debidamente estampadas las iniciales del(de los) otorgante(s) al margen de todos y cada uno de los folios, y su firma en el último folio de su original, con la firma, sello y rúbrica del Notario. ------------------------------
---La presente copia es fiel y exacta del original de la Escritura número diez (10) que obra en el protocolo de dos mil veinte (2020) de la Notaría a mi cargo, la cual consta de doce (12) folios, y su(s) anejo(s), si alguno(s), a los cuales me remito, y para entregar a ERIKA BENÍQUEZ CARIDES expido la presente **primera copia certificada** en Aguadilla, Puerto Rico, dejando nota de saca al margen de la escritura matriz. De todo lo cual DOY FE. ------



CARLOS A. CABÁN RODRÍGUEZ
NOTARIO

| | | |
|---|---|---|
| JONATHAN ARROYO MUNIZ<br>438 AVE ESTACION<br>ISABELA, PR 00662 | AEE<br>PO BOX 363508<br>SAN JUAN, PR 00939 | CASH MAX<br>11109 AVE JESUS T PINEIRO<br>SAN JUAN, PR 00920 |
| /S/ GLORIA JUSTINIANO IRIZARRY<br>CALLE A. RAMIREZ SILVA #8<br>ENSANCHE MARTINEZ<br>MAYAGUEZ, PR 00680 | AEE<br>PO BOX 363508<br>SAN JUAN, PR 00939 | CITIFINANCIAL<br>PO BOX 364106<br>SAN JUAN, PR 00936-4106 |
| AAA<br>PO BOX 70101<br>SAN JUAN, PR 00936-8101 | AEE<br>PO BOX 363508<br>SAN JUAN, PR 00939 | CLARO<br>PO BOX 70366<br>SAN JUAN, PR 00936-8366 |
| AAA<br>PO BOX 70101<br>SAN JUAN, PR 00936-8101 | AMERICAN EXPRESS<br>PO BOX 47455<br>JACKSONVILLE, FL 32247 | COOP. A/C AGUADA<br>PO BOX 543<br>AGUADA, PR 00602-0543 |
| AAA<br>PO BOX 70101<br>SAN JUAN, PR 00936-8101 | AT&T<br>PO BOX 47455<br>JACKSONVILL, FL 32247 | COOP. A/C AGUADA<br>PO BOX 543<br>AGUADA, PR 00602-0543 |
| AAA<br>PO BOX 70101<br>SAN JUAN, PR 00936-8101 | BANCO POPULAR DE PUERTO RICO<br>PO BOX 71375<br>SAN JUAN, PR 00936-7077 | COOP. A/C AGUADA<br>PO BOX 543<br>AGUADA, PR 00602-0543 |
| AAA<br>PO BOX 70101<br>SAN JUAN, PR 00936-8101 | BANCO POPULAR DE PUERTO RICO<br>PO BOX 71375<br>SAN JUAN, PR 00936-7077 | CRIM<br>PO BOX 195387<br>SAN JUAN, PR 00919-5807 |
| AAA<br>PO BOX 70101<br>SAN JUAN, PR 00936-8101 | BANCO SANTANDER OF PUERTO RICO<br>PO BOX 362589<br>SAN JUAN, PR 00936-2589 | CRIM<br>PO BOX 195387<br>SAN JUAN, PR 00919-5807 |
| ACCEPTANCE NOW<br>501 HEADQUATRS DR.<br>PLANO, TX 75024 | CALIDAD DE AUTO SALES<br>PO BOX | DEPART. OF MOTOR VEHICLES<br>ESTACION MINILLAS<br>PO BOX 41243<br>SAN JUAN, PR 00940-1243 |

| | |
|---|---|
| DEPARTMENT OF LABOR<br>PRUDENCIO RIVERA MARTINEZ BLD<br>SAN JUAN, PR 00918 | POPULAR AUTO<br>PO BOX 366818<br>SAN JUAN, PR 00936-6818 |
| DEPARTMENT OF TREASURY<br>PO BOX 9024140 OFF. 424.B<br>BANKRUPTCY SECTION<br>SAN JUAN, PR 00902-4140 | RELIABLE FINANCIAL SERVICES<br>PO BOX 21382<br>SAN JUAN, PR 00928-1382 |
| IRS<br>PO BOX 7317<br>PHILADELPHIA, PA 19101-7317 | RENT A CENTER<br>16005 CARR. 2 SUITE 50<br>SAN JUAN, PR 00936 |
| JUAN PEREZ<br>AGUADILLA, PR 00603 | SAMS<br>PO BOX 530942<br>ATLANTA, GA 30353-0942 |
| LA FAMILIA CASA DE EMPENO<br>URB SULTANA<br>CALLE TENRIFE<br>MAYAGUEZ, PR 00680 | TANIA E. CARDONA MONTALVO<br>HC02 BOX 25020<br>CABO ROJO, PR 00623 |
| LCDA. PATRICIA PEREZ SURILLO<br>SUITE A-267, MCS PLAZA 255<br>PONCE DE LEON AVE.<br>SAN JUAN, PR 00917 | WESTLAKE FINANCIAL SERVICES<br>4751 WILSHIRE BLVD. , SUITE 100<br>LOS ANGELES, CA 90010 |
| LCDA. PATRICIA PEREZ SURILLO<br>SUITE A-267, MCS PLAZA 255<br>PONCE DE LEON AVE.<br>SAN JUAN, PR 00917 | WESTLAKE FINANCIAL SERVICES<br>4751 WILSHIRE BLVD. , SUITE 100<br>LOS ANGELES, CA 90010 |
| MCKENZIE CAPITOL, LLC.<br>3390 MARY ST. SUITE 216<br>MIAMI, FL 33133 | |
| MUEBLERIAS BERRIOS<br>PO BOX 674<br>CIDRA, PR 00739 | |